**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Ditko,<br><br>   Plaintiff,<br><br>v.<br><br>Fabiano Communications Incorporated,<br><br>   Defendant. | No. CV-19-04442-PHX-MTL<br><br>**ORDER** |

  Plaintiff Stephen Ditko filed suit against his former employer, Defendant Fabiano Communications Incorporated ("FabCom"), alleging claims of sexual harassment and retaliation under Title VII (Counts I and II) and violations of the Age Discrimination in Employment Act (Count III). Pending before the Court is FabCom's Partial Motion to Dismiss, which seeks dismissal of Counts I and II. (Doc. 8.) Oral argument was not requested. For the following reasons, FabCom's Partial Motion to Dismiss is denied.

**I. BACKGROUND**

  Plaintiff is the former Senior Arts Director of Defendant FabCom. (Doc. 1-4 ¶¶ 4, 7.) He was hired on December 26, 2013, at 57 years old. (*Id*. ¶ 7–8.) Plaintiff alleges that beginning in early July 2015, Brian Fabiano, FabCom's Chief Executive Officer and Plaintiff's supervisor, began to make "sexually charged comments" to and about Plaintiff. (*Id.* ¶¶ 6–9.) The comments continued "at least weekly," both privately and in front of other employees, until Plaintiff was fired on January 19, 2016. (*Id*. ¶¶ 10–11.) Plaintiff asserts that he "repeatedly rejected" Mr. Fabiano's comments and complained about them. (*Id*. ¶

15.) Prior to Plaintiff's complaints, Mr. Fabiano "praised Plaintiff's work and dedication publicly" (*Id.* ¶ 18); "gave Plaintiff a $3,000 bonus at Defendant's company event" (*Id.* ¶ 19); "increased Plaintiff's compensation and agreed to pay Plaintiff's debt to the Internal Revenue Service as part of Defendant's compensation to Plaintiff" (*Id.* ¶ 20); and "expressed no dissatisfaction" with Plaintiff's performance or work schedule (*Id.* ¶¶ 21–22). Following his complaints, however, Plaintiff claims that Mr. Fabiano reassigned work away from him, "reneged" on Plaintiff's compensation agreement, and "encouraged others to criticize Plaintiff." (*Id.* ¶ 23–28.) Plaintiff was terminated on January 19, 2016. (*Id.* ¶ 33.)

Plaintiff, pro se, filed the Complaint on May 1, 2019 in Maricopa County Superior Court. (Doc. 1-4 at 3.) The Complaint asserts claims for sexual harassment and retaliation under the Title VII of the Civil Rights Act of 1964 (Counts I and II), and violations of the Age Discrimination in Employment Act (Count III). It seeks compensatory damages, front pay, punitive damages, injunctive relief, and attorneys' fees and costs. (*Id.* at 9.) The Complaint attaches the Charge of Discrimination, dated February 19, 2016, that Plaintiff filed with the Arizona Attorney General's Office and the Equal Employment Opportunity Commission ("EEOC"), as well as the EEOC's Notice of Right to Sue dated February 4, 2019. (Doc. 1-4 at 10–12.) FabCom removed the action to this Court on June 11, 2019. (Doc. 1.)

FabCom filed a Partial Motion to Dismiss on June 18, 2019, arguing that Counts I and II are "barred by a release executed by plaintiff more than three years ago." (Doc. 8 at 1.)[1] The referenced document, titled, "Stephen Ditko / Severance," (the "Severance Agreement") is attached as Exhibit 1 to FabCom's motion. (Doc. 8-1.) It includes a severance payment of $2,692.28 and states, "By signing below, you acknowledge that you understand the terms of this Severance Agreement, and that it is your intent to release any

---

[1] Although the motion does not specifically state which of the Federal Rules of Civil Procedure that Defendant moves under, the Court interprets it to be a Rule 12(b)(6) motion for failure to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

claims you have or may have against FabCom, in exchange for the severance pay offered by the Company." (*Id.*) It is signed and dated January 27, 2016. (*Id.*) The motion states that courts "routinely enforce settlement agreements that release employment discrimination claims." (Doc. 8 at 2.) Because Plaintiff signed the agreement, FabCom argues that he waived any employment-related claims and that Counts I and II should therefore be dismissed. (*Id.* at 3.)

Plaintiff filed a Response on July 2, 2019. (Doc. 10.) It argues that the Severance Agreement "was not a waiver and only signified a current 'intent' not to sure Defendant" and that his "execution of the document was not knowingly with respect to what, if anything, he was waiving" due to both the agreement's language and circumstances of signing. (*Id.* at 1.) FabCom filed a Reply on July 8, 2019. (Doc. 12.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

The Court must accept material allegations in the Complaint as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## B. Extraneous Information

Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581. A district court generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee*, 250 F.3d at 688 (citation omitted).

If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56."[2] Fed. R. Civ. P. 12(d). A 12(b)(6) motion need not be converted when extraneous information is introduced, however, provided that "nothing in the record suggest[s] reliance on those extraneous materials." *Keams v. Temple Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir.1997) (citation omitted). The decision whether to convert the motion to dismiss into a motion for summary judgment, or to merely exclude the evidence, is within the Court's discretion. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). The Court must take "some affirmative action to effectuate conversion." *Swedberg v. Marotzke*, 339 F.3d 1139, 1142 (9th Cir. 2003).

There are two exceptions to the general rule that consideration of extrinsic evidence converts a motion to dismiss into a motion for summary judgment. First, a court may consider "material which is properly submitted as part of the complaint" without converting the motion. *Lee*, 250 F.3d at 688. The same is true for documents not physically attached to the complaint but whose "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)). Second, a court may take judicial notice of "matters of public record" without converting the motion to dismiss into a motion for summary judgment. *See Lee*, 250 F.3d at 689; Fed. R. Evid. 201(b)(2).

---

[2] Mr. Ditko is a pro se plaintiff. The Ninth Circuit has held that "[w]hen the district court transforms a dismissal into a summary judgment proceeding, it must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." *Anderson v. Angelone*, 86 F.3d 932, 934–35 (9th Cir. 1996) (citation omitted).

## III. ANALYSIS

FabCom's motion to dismiss relies exclusively upon the Severance Agreement, attached to the motion as Exhibit 1. FabCom argues that it bars Counts I and II of the Complaint, both brought under Title VII. (Doc. 8 at 1; Doc. 8-1.)

The Severance Agreement is not attached to the Complaint. The Complaint also does not "necessarily rely upon" the Severance Agreement because it never references any severance payment or waiver of claims.[3] *Lee*, 250 F.3d at 688. There is also no indication that the Severance Agreement is a public record. Accordingly, the Court may not rely upon the Severance Agreement without converting the motion into a motion for summary judgment.[4] *See Lee*, 250 F.3d at 689; *Jackson v. S. California Gas Co.*, 881 F.2d 638, 642 n.4 (9th Cir. 1989) ("Although SCGC characterized its motion as one to dismiss under Fed.R.Civ.P. 12(b)(6), it attached several affidavits and copies of the collective bargaining agreement and pension agreement to its motion. Under Rule 12(b)(6), if 'matters outside the pleading are presented to and not excluded by the court,' a motion to dismiss must be treated as one for summary judgment under Rule 56.")

FabCom's motion and subsequent briefing consists of "factual disputes more appropriate for a motion for summary judgment" than for a motion to dismiss. *Sternberger v. Gilleland*, No. CV-13-02370-PHX-JAT, 2014 WL 3809064, at *4 (D. Ariz. Aug. 1, 2014). To enforce a waiver of Title VII claims, a court must determine whether the waiver was "voluntary, deliberate, and informed." *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989) (quoting *Salmeron v. United States*, 724 F.2d 1357, 1361 (9th Cir. 1983)). "Of primary importance in this calculation is the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, the presence of a noncoercive atmosphere for the execution of the release, and whether the employee had the benefit of legal counsel." *Stroman*, 884 F.2d at 462 (internal citations and quotations omitted); *see also Nilsson v. City of Mesa*, 503 F.3d 947, 952 (9th Cir. 2007) (same). These

---

[3] Further, at least Count I of Plaintiff's Complaint, for sexual harassment under Title VII, does not reply upon Plaintiff's termination. (Doc. 1-4 ¶¶ 39–42.)
[4] Neither FabCom nor Plaintiff requested that the motion be treated as a motion for summary judgment under Rule 56.

factual issues are not appropriate for a motion to dismiss, for which the Court must accept Plaintiff's material allegations as true.[5] *North Star Int'l*, 720 F.2d at 581.

It "would be premature at this point in the case" to convert FabCom's motion to a motion for summary judgment, however. *Lacey v. Malandro Commc'n, Inc.*, No. CV-09-01429-PHX-GMS, 2009 WL 4755399, at *4 (D. Ariz. Dec. 8, 2009). The discovery deadline in this case is February 14, 2020. (Doc. 17 at 2.) The record discloses no discovery conducted to date. Accordingly, Plaintiff has not yet been "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Lacey*, 2009 WL 4755399, at *4 (declining to consider extraneous information because "[i]t is doubtful that Plaintiff[ ] h[as] had any opportunity to gather and present all material pertinent to the extensive factual offerings that accompany [Defendants'] motion to dismiss.") (citation omitted). The Court also sees "no need to allow accelerated discovery at this stage so Plaintiffs can respond to the motion." *Oto v. Airline Training Ctr. Arizona, Inc.*, 247 F. Supp. 3d 1098, 1107 (D. Ariz. 2017). As such, the Court will not convert FabCom's motion into a motion for summary judgment under Rule 56.

The Court must therefore exclude the Severance Agreement in considering FabCom's motion to dismiss. *See* Fed. R. Civ. P. 12(d). The motion does not include any other bases for dismissing Counts I and II. FabCom has therefore not demonstrated that "the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson*, 208 F.3d at 1149. Dismissal of Counts I and II is not appropriate at this time.

**IV. CONCLUSION**

Accordingly,

///

///

///

---

[5] This is particularly true in light of Plaintiff's statement in his Response that his "execution of the document was not knowingly with respect to what, if anything, he was waiving" given the Severance Agreement's language and circumstances of signing. (Doc. 10 at 1.)

**IT IS ORDERED** that Defendant's Fabiano Communications, Inc.'s Partial Motion to Dismiss (Doc. 8) is **denied**.

Dated this 13th day of December, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge