**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Ditko, | No. CV-19-04442-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Fabiano Communications Incorporated, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Extend Deadline for Discovery. (Doc. 28.) The discovery deadline in this case was February 14, 2020. (Doc. 17.) Plaintiff Stephen Ditko, *pro se*, moves for a 60-day extension. Defendant Fabiano Communications, Inc. objects to the motion. (Doc. 29.) For the reasons stated herein, the motion is granted.

Plaintiff served discovery requests on Defendant on January 24, 2020. (Doc. 24; Doc. 28 at 1.) Defendant did not respond to the discovery requests because its deadline to do so was February 26, 2020. *See* Fed. R. Civ. P. 34(b)(2)(A). (Doc. 29 at 2.) Plaintiff also requested availability for depositions for the first time on the February 14 deadline. (*Id.* at 2.) Plaintiff attributes his untimeliness to a pro se "learning curve," his recent relocation to Phoenix from California, and his efforts to take on "small, low wage" work projects, all of which have been "overwhelming both physically and mentally." (*Id.* at 2-3.)

The motion also states that Plaintiff "filed a Motion to Extend Time for Discovery and Compel Discovery on February 14, 2020." (*Id.* at 2.) The record does not reflect that Plaintiff has previously filed such a motion. Rather, as indicated in Defendant's response,

Plaintiff emailed a copy to Defendant but never filed it with the Court. (Doc. 29 at 2.) Plaintiff then filed the pending motion on March 25, 2020. (Doc. 28.) Defendant filed a response on March 26, 2020. (Doc. 29.) Defendant also filed a Motion for Summary Judgment on the same day. (Docs. 30, 31.)

Plaintiff initiated this lawsuit and has a duty to prosecute the case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, *pro se* litigants including Plaintiff must comply with the Federal Rules of Civil Procedure and all Court orders. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986). The Court expects Plaintiff to familiarize himself with the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the District of Arizona, the Federal Rules of Evidence, and any other applicable rules. Nonetheless, in the interests of justice and to ensure that Plaintiff has an opportunity to prosecute the case, the Court will permit the extension.

In so ruling, the Court notes that Defendant contributed to the delay. After Plaintiff served discovery requests on January 24, Defendant's counsel informed Plaintiff on the discovery deadline, February 14, that "your discovery requests were untimely when they were served on me on January 24, 2020. The response date for that discovery is February 24, 2020, which is after the close of discovery. Therefore, we will not be responding to those requests." (Doc. 29-2.) Defendant's counsel was also aware that on February 16, "Plaintiff emailed undersigned counsel a Motion to Extend Discovery that was never filed with the Court." (Doc. 29 at 2.) While the Court acknowledges counsel's duty to vigorously defend her client, it also notes that a dose of professionalism would have minimized the delay to the case schedule.

The Court also acknowledges that "Defendant has spent a significant amount in legal fees over the last two months" in preparing its Motion for Summary Judgment. (Doc. 29.) Following the close of discovery, as modified by this Order, Defendant may either rely

on the pending motion or to withdraw it and file a new one.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Extend Deadline to Extend Deadline for Discovery (Doc. 28). The deadline to complete fact discovery, including final supplementation of MIDP responses, is extended to **April 30, 2020**.*

**IT IS FURTHER ORDERED** that the dispositive motion deadline is extended to **June 12, 2020**.

There will be no further extensions of these deadlines for any reason.

Dated this 9th day of April, 2020.

Michael T. Liburdi
United States District Judge

---

* The Court is granting a longer-than-requested extension because Plaintiff's motion would extend the deadline to April 14, 2020. The Court does not believe that compliance would be practicable by this date.